UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 20-260 (TSC) |
| : | |
| KENNETH DEBERRY, : | |
| Defendant. : | |

### GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE THE MAGISTRATE COURT'S ORDER OF DETENTION AND TO MODIFY BOND

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to the defendant's motion to vacate the Order of detention, dated November 22, 2020, and modify the defendant's bond ("Def.'s Mot."). The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at a hearing, be considered in the Court's determination regarding pre-trial detention.

### RELEVANT BACKGROUND

On Saturday, November 14, 2020, at approximately 4:00 p.m., Metropolitan Police Department officers responded to 17th and I Streets, NW, Washington, D.C. in reference to a number of reported assaults. Members of the media provided officers with video footage capturing some of the assaultive conduct. One of the videos showed the defendant, Kenneth Deberry, assaulting a complainant by punching him with a closed fist to the face. Based on that footage, officers placed the defendant under arrest for assault. During a search of the defendant incident to his arrest, the officers recovered a firearm in the defendant's waistband. The recovered firearm was determined to be a black Interarms Revolver, Special .38 Caliber, Serial Number D409128.

The firearm was loaded with five (5) rounds.

The defendant agreed to a custodial post-arrest interview. During that interview, he told detectives that he previously had his life threatened while protesting and he came armed to protect himself.

At the time he possessed the firearm at a public demonstration in downtown Washington, D.C., the defendant had previously been convicted of multiple offenses, including multiple felonies involving the possession or use of weapons. Specifically, on March 26, 2012, while on supervised release in a child sex abuse case, the defendant was convicted of Robbery, Case Number 2011 CF3 023532, and sentenced to 20 months of incarceration and three years of supervised release. On October 29, 2008, while on pre-trial supervision in a gun case, the defendant was convicted of Second Degree Child Sexual Abuse, Case Number 2008 CF1 014507, and sentenced to 40 months of incarceration and 10 years of supervised release. On October 31, 2008, the defendant was convicted of Carrying a Pistol Without a License, Case Number 2007 CF2 019246, and sentenced to 12 months of incarceration and 1 year of supervised release. Finally, on February 26, 2004, the defendant was convicted of Attempted Robbery and Bail Reform Act Violation (*misdemeanor*), Case Number 2002 FEL 005949, and sentenced to 9 months of incarceration. At the time of the instant offense, the defendant was under the supervision of the D.C. Superior court in Case Number 2018 CTF 019013 for a conviction of Driving Under the Influence (his supervision had been converted from supervised to unsupervised just two months before the instant offense).

Three of the defendant's prior convictions implicate his unlawful possession or use of weapons, demonstrating a pattern of behavior over many years from which the defendant has yet

to be deterred. In the child sexual abuse case, 2008 CF1 014507, the 13-year-old victim was discovered to be pregnant and revealed to authorities that the father was the defendant, then 25 years old. The victim also reported that the defendant gave her a sexually transmitted disease, which she was treated for, and that the defendant had previously threatened to kill her if she "gave away his cookies," which the victim understood to mean, he would kill her if she had sexual intercourse with anyone else. The victim was especially fearful because she was aware that the defendant carried a gun in the trunk of his car. During an interview with a detective, the defendant admitted to engaging in sexual intercourse with the child-victim on numerous occasions at his home. In 2007 CF2 019426, the defendant pleaded guilty to Carrying a Pistol Without a License. In addition, in 2002 FEL 005949 he pleaded guilty to Attempted Robbery in a matter in which he had been indicted for Armed Robbery (knife).

On November 16, 2020, the defendant was charged in this Court by criminal complaint with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At the initial appearance held on November 16, 2020, the government orally moved for detention pending trial pursuant to 18 U.S.C. §§ (f)(1)(D), 3142(f)(1)(E), and 3142(d)(1)(A)(iii) of the federal bail statute, and subsequently filed a memorandum in support of the same. ECF No. 4. Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the parties immediately proceeded to the detention hearing. The Court held the defendant pursuant to 18 U.S.C. § 3142(f)(1). ECF No. 5. On the next day, the defendant was arraigned in D.C. Superior Court Case Number 2020 CMD 8767 on one count of Simple Assault for the incident leading to discovery of the firearm on his person. On

November 24, 2020, the defendant was indicted on the sole charge in the criminal complaint. ECF No. 7. On January 5, 2021, the defense filed the instant Motion. ECF No. 12. The government now opposes.

## **LEGAL AUTHORITY**

A detention hearing may be reopened at any time before trial if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). The government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *Smith*, 79 F.3d at 1210, *see also Williams*, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances, even after the preliminary hearing in this case, require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community.

*See* 18 U.S.C. § 3142(e)(1).

## ARGUMENT

The government will not repeat the arguments outlined in its motion for detention filed previously in this case, but incorporates those arguments here. ECF No. 4. The § 3142(g) factors have not changed, and the information the defense argues in its motion is not of the kind "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The defense emphasizes that the defendant is not alleged to have used or brandished the firearm, as well as the fact that the defendant's most recent prior felony conviction is from a 2011 case, that he apparently has been compliant with court supervision for as many as 36 months, and that he is not a risk of flight. Def.'s Mot. at 4. This information does not move the needle as to whether detention is appropriate.

### I.     The Nature and Circumstances of the Offense and Defendant's Dangerousness Still Favor Detention.

The defendant's Motion emphasizes that the defendant's alleged conduct is possessory and no evidence suggests he used or brandished the firearm during the assault leading to his arrest. Def.'s Mot. at 4. Yet, the defendant himself stated that he brought the loaded firearm with him to downtown D.C. because he had previously been threatened while protesting. Given his multiple prior felony convictions, however, the defendant had no business possessing any firearm. As the magistrate judge correctly noted, the defendant's recent conduct and statements to law enforcement show a willingness to engage in unlawful violence using a firearm. Order of Detention at 4. Indeed, the defendant was arrested for assaulting another protester (admittedly, one who allegedly also engaged in violence) with no legal defense for doing so, and is charged for that

5

conduct in D.C. Superior Court Case Number 2020 CMD 8767.

## II.     The Defendant's History and Characteristics Still Favor Detention.

The defendant's Motion also emphasizes that the defendant completed his most recent period of supervised release, approximately 36 months, satisfactorily on March 12, 2017. Def.'s Mot. at 2. Yet, the defendant's history shows that 36-month period is the exception, not the rule. Following expiration of his supervised release in March 2017, he was arrested a short time later on July 8, 2017, for unlawful entry at a nightclub in D.C. case 2017 CMD 11789 (the charges were ultimately dismissed for want of prosecution). The following year, he was arrested in 2018 CTF 019013 for Driving Under the Influence, and while on release in that case, he was arrested in 2019 CTF 001160 for Operating After Revocation, Possession of an Open Container of Alcohol, and Possession of a BB Gun (case dismissed in exchange for his plea of guilty to Driving Under the Influence in 2018 CTF 019013). Now, he stands charged in D.C. Superior Court for an assault and in this Court for unlawful possession of a firearm and ammunition, committed while he was on probation in 2018 CTF 019013. In addition, and as noted above, he was convicted of child sexual abuse in 2008 while on pre-trial release in a gun case and of robbery in 2012 while on supervised release in the child sexual abuse case.

In short, the defendant has a consistent record of committing new offenses while subject to Court supervision—both before and after the 36-month period of supervised release that expired satisfactorily. His convictions include child sexual abuse, robbery, and attempted robbery. Consequently, his history and characteristics demonstrate that no combination of release conditions will ensure the safety of the community.

## CONCLUSION

The government respectfully requests that the Court deny the defense's motion to vacate

the magistrate judge's detention order and modify the defendant's bond.

                                      Respectfully submitted,

                                      MICHAEL R. SHERWIN
                                      ACTING UNITED STATES ATTORNEY
                                      New York Bar No. 4444188

By:    /s/ Mary Dohrmann
                                      MARY L. DOHRMANN
                                      NY Bar No. 5443874
                                      Assistant United States Attorney
                                      Federal Major Crimes Section
                                      United States Attorney's Office for D.C.
                                      555 Fourth Street, N.W., Fourth Floor
                                      Washington, D.C. 20530
                                      E-mail: Mary.Dohrmann@usdoj.gov
                                      Telephone: (202) 252-7035

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Carlos Vanegas, this 18th day of January, 2021.

                                        /s/ Mary Dohrmann
                                        Mary L. Dohrmann
                                        Assistant United States Attorney