UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 20-CR-260 (TSC)** |
| | : | |
| v. | : | |
| | : | |
| **KENNETH DEBERRY,** | : | VIOLATIONS: |
| | : | 18 U.S.C.§ 922(g)(1) |
| Defendant. | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | |
| | : | 22 D.C. Code § 404(a)(1) |
| | : | (Simple Assault) |
| | : | |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 924(d), |
| | : | 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) |
| | : | |

# I N F O R M A T I O N

The United States Attorney charges that:

## COUNT ONE

On or about November 14, 2020, within the District of Columbia, **KENNETH DEBERRY**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2011-CF3-023532 and 2008-CF1-014507, did unlawfully and knowingly receive and possess a firearm, that is, an Interarms, .38 caliber revolver, and did unlawfully and knowingly receive and possess ammunition, that is, .38 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about May 14, 2021, within the District of Columbia, **KENNETH DEBERRY** unlawfully assaulted and threatened R.H. in a menacing manner.

(**Simple Assault**, in violation of 22 D.C. Code, Section 404(a)(1))

## FORFEITURE ALLEGATION

1.	Upon conviction of the offense alleged in Count One of this Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to an Interarms, .38 caliber revolver and .38 caliber ammunition.

2.	If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)	cannot be located upon the exercise of due diligence;

(b)	has been transferred or sold to, or deposited with, a third party;

(c)	has been placed beyond the jurisdiction of the Court;

(d)	has been substantially diminished in value; or

(e)	has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:   /s/ *Mary L. Dohrmann*
MARY L. DOHRMANN
N.Y. Bar No. 5443874
555 4th Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-7035
Email: Mary.Dohrmann@usdoj.gov